```
IN THE UNITED STATES DISTRICT COURT FOR
     THE SOUTHERN DISTRICT OF GEORGIA
              SAVANNAH DIVISION
```

CHERYL RENEE DOSSEY,              )
                                  )
    Plaintiff,                    )
                                  )
v.                                )  CASE NO. CV419-035
                                  )
ANDREW SAUL, Social Security      )
Administration,                   )
                                  )
    Defendant.                    )
_____)

## O R D E R

Before the Court is the Magistrate Judge's Report and Recommendation (Doc. 14), to which Plaintiff filed an objection (Doc. 16). After a careful de novo review of the record, the Court concludes that Plaintiff's objections are without merit. Accordingly, the report and recommendation is **ADOPTED** as the Court's opinion in this case and the Commissioner's final decision is **AFFIRMED**. Accordingly, the Clerk of Court is **DIRECTED** to close this case.

In her objections, Plaintiff argues the Magistrate Judge erred in upholding the ALJ's decision for two reasons: (1) the ALJ failed to address evidence that neuropathy limited Plaintiff (Doc. 16 at 5); and (2) the ALJ failed to address evidence that Plaintiff was limited due to her need of assistive devices (Id. at 8).

As to Plaintiff's first objection, Plaintiff has not shown that the ALJ erred in failing to adequately consider evidence of her neuropathy. The Magistrate Judge acknowledged that there was some evidence in the record regarding the neuropathy (Doc. 14 at 11), but correctly notes that plaintiff's burden at this stage is to show the ALJ lacked substantial evidence in making its decision. <u>Dyer v. Barnhart</u>, 395 F.3d 1206, 1210 (11th Cir. 2005). Even if the ALJ should have considered neuropathy as a separate and distinct condition, Plaintiff has failed to show this neuropathy caused work-related limitations not already included in the ALJ's assessment of her residual functioning capacity ("RFC"). <u>Moore v. Barnhart</u>, 405 F.3d 1208, 1213 n.6 (11th Cir. 2005) ("[T]he mere existence of . . . impairments does not reveal the extent to which they limit her ability to work . . . ."). Nothing in Plaintiff's objection establishes that the ALJ lacked substantial evidence in making his assessment regarding Plaintiff's limitations.

Plaintiff also alleges that the Magistrate erred in upholding the ALJ's determination that Plaintiff's use of assistive devices did not limit her RFC. (Doc. 16 at 8.) Plaintiff asserts that the Magistrate Judge supplied his own analysis regarding Plaintiff's need for an assistive device. (<u>Id.</u> at 8-9.)  The Court disagrees. The Magistrate Judge

merely agreed with the Government's position that the record failed to establish Plaintiff required use of an assistive device for the necessary time periods. (Doc. 14 at 10.) The Magistrate Judge also noted that the ALJ had considered Plaintiff's use of a wheelchair and her ambulatory limitations in formulating the RFC. (Id. at 11.) Again, Plaintiff's objections do not to establish that Plaintiff was disabled or that the ALJ lacked substantial evidence to support its determination. "A reviewing court should 'not disturb a clearly articulated credibility finding supported by substantial evidence.' " Taylor v. Acting Comm'r of Soc. Sec. Admin., No. 18-11978, 2019 WL 581548, at *2 (11th Cir. Feb. 13, 2019) (citing Mitchell v. Comm'r of Soc. Sec., 771 F.3d 780, 782 (11th Cir. 2014)). This Court finds that the ALJ clearly articulated his reasons for finding Plaintiff failed to prove she was disabled within the meaning of the Social Security Act and that these reasons are supported by substantial evidence.

SO ORDERED this 24th day of September 2020.

_____
WILLIAM T. MOORE, JR.
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA